Curia, per Johnson, Ch.
The only question remaining in this case is raised by the defendant Spann. The bill was filed to settle the estate of the complainant’s testator, of which Spann was a devisee or distributee — The matters of account were referred to the master, and at June Term 1839 he reported that Spann was indebted on a bond given to the testator in his life time in the penalty of $20,000, conditioned for the payment of $10,000, the interest on which, computed up to that time, exceeded the penalty by $339,-37, but in stating the accounts he was charged only with the penalty. On the coming in of the Report an order was made at the instance of Spann that this matter should be referred back to the master, with instruction to permit him to offer evidence to shew that he was not liable to pay the bond, and that he should be allowed a credit for any sums *105 he might be entitled to as legatee or distributee óf the estate ; and it was also ordered that unless Spann should prove before the master that he was not liable to pay the bond, the report should stand confirmed.
In June Term 1840, the master reported against the evidence offered by Spann to shew that he was not liable to pay the bond, and in restating the accounts he charged Spann with interest on $20,000, the penalty of the bond, from the date of the report at June term 1839, and that •report was confirmed ; and the appeal from th'at judgment involves the question whether the complainant is entitled to recover any interest beyond the penalty of the bond, and if any, whether on. the penalty or the condition.
Generally, the obligee is not entitled to interest beyond the penalty of the bond; the penalty is in the nature of liquidated damages, stipulated for by the parties as a forfeiture for not performing the condition ; and this is obviously the principle on which the report of June term 1839, was framed. According to the common law the execution could only issue forthe precise sum adjudged to bedue to theplain-tiff, however long the enforcement of it might be postponed, although in a new action he might recover the interest. The act of 1815 was intended to remedy this evil; it provides, “that in all judgments and decrees of the courtsof law and equity hereafter to be obtained and rendered on any judgment, bond, bill or promissory note, or other cause of action bearing interest, the principal sum of the judgment, bond” &c. “shall continue to bear the same interest as the original cause of action did bear before the entry of judgment thereon,” and that execution should issue therefor.
Now, the order of June term 1839, confirming the report of the master, by which Spann’s indebtedness was ascertained, is unmeaning and senseless unless it was the judgment of the court against him for the amount; and that is according to the universal practice of the court. That part of the order of confirmation by which Spann was tó bé let into proof to shew that he was not liable, did not super-cede or reverse it, but merely suspended it, as a favour tó him.
The complainant is therefore entitled to interest on the *106 condition of the bond, only from the time of the order confirming the report of the master at June Term 1839, and it is hereby ordered and decreed, that the decree of the Circuit Court and the accounts be reformed accordingly.
DAVID JOHNSON.